Hoffman, J., concurring in part and dissenting in part
{¶ 38} I concur in that part of the majority's disposition which reverses the trial court's judgment, albeit for a different reason. To explain the difference, I offer an expanded statement of the case, in a question/answer format, followed by my legal analysis.
WHO POSTED THE SURETY BOND?
{¶ 39} Seneca Insurance Company, Inc.
{¶ 40} While the trial court's September 14, 2017 entry, which is the subject of this appeal, grants judgment against the defendant Steve Dye and Surety, James A. Brown, Appellant herein, the actual surety is Seneca Insurance Company, Inc. ("Seneca"). The bond was executed by "J. Brown" as Executing Agent Attorney-in-Fact for Seneca. The September 14, 2017 Entry does not mention or take judgment against Seneca.
WHEN WAS THE BOND FORFEITED?
{¶ 41} The record fails to affirmatively establish when the bond was forfeited.
{¶ 42} While the July 7, 2016 Notice to Defendant and Surety on Forfeited Bond indicated the bond had already been forfeited and impliedly suggests it was done on April 6, 2016, I find no place in the record before us where the bond was actually ordered forfeited. The record reflects the trial court issued a bench warrant for the defendant's arrest on April 12, 2016; however, there is no mention of bond being forfeited in that document.
WHO FORFEITED THE BOND?
{¶ 43} The record fails to affirmatively reveal who forfeited the bond.
{¶ 44} While the deputy clerk of court gave notice of the forfeiture to Appellant, no actual documentation of forfeiture by the trial court is found in the record.
DID THE TRIAL COURT PROPERLY FAIL TO CONSIDER APPELLANT'S RESPONSE?
{¶ 45} Yes.
{¶ 46} I concede Appellant was acting "outside of his authority" as bail bondsman for Seneca. Although an agent of the company, Appellant is not a lawyer representing the company.
{¶ 47} However, the July 6, 2016 notice threatened judgment against Appellant, personally, which threat ultimately materialized when judgment was rendered against him, individually, on September 14, 2017. As such, I conclude the trial court improperly failed to consider his response by correspondence filed August 22, 2016, as it pertains to his individual liability on the bond.
*684 WHAT HAPPENED NEXT?
{¶ 48} Confusing!
{¶ 49} Although no formal judgment entry of forfeiture had yet been filed, the next entry in the docket is a letter from an administrative assistant of the Fairfield County Municipal Court to Appellant and Seneca declaring full payment on the bond due within 10 days of the date of the letter (September 6, 2016).
{¶ 50} Although not reflected in the docket, thereafter Appellant apparently requested additional time to surrender the defendant or for the trial court to reconsider bond forfeiture. I say "apparently" because the very next docket entry is Appellee's Motion in Opposition to Additional Time... or Reconsideration of Bond Forfeiture. Appellee's motion indicated a copy thereof was sent to Appellant's counsel herein, identified therein as "Counsel for Surety James A. Brown/1A Bail Bonds." As a result, on November 7, 2016, the trial court set the matter for an oral hearing to be held on December 16, 2016. Notice of the hearing was issued to Appellant's counsel herein, followed by the Entry which is the subject of this appeal, over 9 months later. That Entry entered judgment against Appellant and reflected Appellant failed to appear for the December 16, 2016 hearing.
ANALYSIS
{¶ 51} This case presents seemingly conflicting legal principles to determine who forfeited the bond and when the forfeiture occurred?
{¶ 52} It is commonly accepted a court speaks only through its journal entries. Notably absent from this record is a journal entry ordering bond forfeited prior to the final entry of judgment against Appellant on September 14, 2017.
{¶ 53} It is also commonly accepted, in the absence of a transcript demonstrating otherwise, we must presume the trial court acted according to law.
{¶ 54} We have no transcript of the April 6, 2016 trial court proceeding. Because R.C. 2937.35 permits the trial court to declare bond forfeited in open court, I presume it did so. Such presumption is supported by the July 7, 2016 letter from the deputy clerk to Appellant, advising him the bond had been forfeited and informing him of his opportunity to show good cause why it should not have been on or before August 22, 2016. Such presumption also negates the possibility the deputy clerk forfeited the bond without legal authority to do so based on the trial court's issuance of the bench warrant.
{¶ 55} I presume bond was forfeited in open court on April 6, 2016, and the trial court failed to timely give Appellant written notice within 15 days of its forfeiture as required under R.C. 2937.36(C), as was argued in Appellant's first assignment of error. I find such error, standing alone, requires reversal.
{¶ 56} Assuming, arguendo, notice had been timely given, I would find the trial court committed error by not giving consideration to Appellant's letter filed August 22, 2016, at least as it pertains to his individual liability. Such letter, in turn, would have precipitated a show cause hearing. But, whether such show cause hearing did or did not take place in December, 2016, is moot because of the initial error for failing to give the statutorily required 15 day notice.
CONCLUSION
{¶ 57} I would sustain Appellant's first assignment of error, and reverse the trial court's judgment against Appellant. I find *685 remand for further proceedings unnecessary.